## Saunders v. Samarreg Co., Appellant.

*Wills—Execution—Signature—Additional clause.*

Where a testatrix signs and executes her will at the end thereof and on a subsequent day adds an additional clause appointing an executor, but does not sign such clause, the added clause will be disregarded as inoperative either to revoke the will or to appoint an executor, and testatrix will be deemed to have signed her will at the end thereof.

Argued Jan. 27, 1903. Appeal, No. 355, Jan. T., 1903, by defendant, from decree of C. P., No. 5, Phila. Co., Dec. T., 1902, No. 701, in case of Albert Saunders v. J. R. T. Samarreg Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance and to remove cloud on title.

From the record it appeared that the plaintiff had contracted to sell certain real estate in the city of Philadelphia to the defendant. To this real estate plaintiff derived title from Mary W. Grant. Defendant claimed that the title was not marketable, owing to the alleged fact that Mrs. Grant had not signed her will at the end thereof. The will in question is as follows:

"169 S. Carolina Avenue, Atlantic City, N. J.
"January 26, 1894.

"I, Mary W. Grant, being in health and of sound mind, do make this my last will and testament, revoking all other wills by me made.

"Item : I wish all my funeral expenses and just debts to be paid.

"Item : I will and bequeath to the Spring Garden Unitarian Society, Broad and Brandywine Streets, Phila., the sum of Five Hundred Dollars ($500) to be paid in cash, without any deductions, as soon as possible after my death.

"Item : The rest and residue of my estate, real and personal, I will and bequeath to my nephew, Albert Saunders, unconditionally, in case of his death before inheriting my estate, I will it to his child, or children, the above mentioned real and personal estate ; if there should be no child or children of his, I wish all my convertible property turned into money and given to the above mentioned Unitarian Society to be used according to the best judgment of said Society. My clothing I wish given to the deserving poor, according to the judgment of my executor.

"To this my last will and testament I set my hand and seal this 26th day of January, 1894.

"MARY  W.  GRANT.        [Seal]

"169  S.  Carolina  Ave.

"Atlantic City, N. J.

"As executors of this my last will and testament I appoint J. Pemberton Ellis and Albert Saunders.

"In witness of this will and testament of Mary W. Grant we, the undersigned, do sign our names.

"HOWARD  HUMPTON,

"MARION  E.  HUMPTON."

The court entered a decree in favor of plaintiff.

*Error assigned* was the decree of court.

*Alfred D. Wiler*, for appellant.

*G. Heide Norris*, for appellee.

PER CURIAM, May 11, 1903 :

The court below found on competent evidence that the words appointing executors were not on the will at the time it was executed by the testatrix, but were added at a later date. Disregarding these words therefore we have a will in due form

signed by the testatrix at the end thereof as required by the act of 1833. Such a will can be revoked, under the express words of the statute, only by "some other will or codicil in writing, or other writing declaring the same, executed and proved in the same manner . . . . or by burning, cancelling," etc. The object of the statute was to secure evidence in the instrument itself of the completed intent of the testator, and that having been fully shown by the signature at the end is not to be revoked except by equal evidence of a subsequent completed change of intention. The evils under the former system of accepting a signature in any part of the instrument, or even unsigned memoranda as a valid will are forcibly stated by STRONG, J., in Heise v. Heise, 31 Pa. 246.

The words added in the present case do not indicate any intention to revoke the will but rather to make a codicil supplementary to its provisions. But the intent whatever it was being incomplete for want of the testatrix's signature, is not operative for either purpose.

Decree affirmed.