## Teed's Estate.

*Will—Unattested alterations—Presumption—Signature at end.*

1. Unattested alterations in a will though proved to have been made by the testator, in the absence of any evidence showing when they were made, will be presumed to have been made after execution.

2. Where a will was written on the fourth page of a sheet of letter paper, and was signed by the testatrix at the foot of such page and there attested by two subscribing witnesses, and at the top of the third page was an unsigned and unattested clause appointing an executor, the appellate court will sustain the probate of such a paper as a will, excluding the matter on the third page, where the orphans' court has found from sufficient evidence that the writing on the third page was placed there after the execution of the writing on the fourth page.

Argued May 11, 1909. Appeal, No. 26, Jan. T., 1909, by Kate Messmore, from decree of O. C. Fayette Co., March T., 1908, No. 120, dismissing appeal from register of wills in Estate of Sarah E. Teed, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Appeal from register of wills. Before WORK, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing appeal from register of wills.

*Thomas H. Hudson*, with him *D. W. McDonald* and *James R. Cray*, for appellant.—That part of the act requiring that wills shall be signed at the end thereof has been construed by this court in three cases: Hays v. Harden, 6 Pa. 409; Wineland's App., 118 Pa. 37; Saunders v. Samarreg Co., 205 Pa. 632.

This question has been decided by our lower courts in several cases which were not appealed, and we refer to these decisions as showing the construction placed upon some of the features peculiar to the case at bar: Frazier's Will, 20 Phila. 40; Baird's Est., 15 Pa. C. C. Rep. 247; Monroe's Est., 8 Lack. L. News, 306; Morgan's Est., 12 Pa. Dist. Rep. 341.

Keeping in mind Brownfield's statement that Mrs. Teed had told him before he began to write that he was to be the executor, and from an inspection of the will itself, a logical conclusion would be that it was all written at the same time.

The presumption in this case has not been rebutted and the proof of the appellees has not come up to the legal requirement: Knauss's App., 114 Pa. 10; Cozzen's Will, 61 Pa. 196; Herster v. Herster, 116 Pa. 612; Miller's Est., 179 Pa. 645.

*William E. Crow* and *S. Ray Shelby*, for appellee, were not heard.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

It appears from the record in this case, that a paper purporting to be the last will of Sarah E. Teed, was admitted to probate by the register of wills of Fayette county. It was written on the fourth page of a sheet of letter paper, and was signed by testatrix at the foot of the fourth page of the sheet and was there attested by two subscribing witnesses. On the third page of the sheet of paper was written an unsigned and unattested clause. The following is a full copy of the instrument:

"UNIONTOWN PA. Sept 13th 1906.

"I Sarah E. Teed give and bequeathe to My son Charles G. Teed and his Son Wm. E. Teed and Daughter Allice E. Teed, all My real and personal property. I want My funeral expenses paid and all Moneys left in bank to go to My son Charles G. Teed.

"I give to My cousin Mrs. Thomas Brownfield my gold watch & chain.

"I give to Kate Messmore the sum of one dollar."

"SARAH E. TEED.

"Witnesses:

"WM. H. MILLER

"JOHN N. DAWSON."

At the top of the third page of the sheet appeared this clause, disconnected, and unsigned.

"I appoint My friend Thomas Brownfield My Executor."

Decedent's daughter, Kate Messmore, appealed from the

decree of the register admitting the will to probate, and the court dismissed the appeal, refused an issue and ordered that the probate should stand, except as to the clause appointing an executor, which was adjudged to be void. Exceptions to this order were overruled, and dismissed by the court. The daughter then took this appeal.

It is conceded by the court below, as well as by the appellee, that if the clause appointing an executor was written before the testatrix signed the will, then it was not signed "at the end thereof," as required by the act of 1833, the statute of wills, and could not be admitted to probate. But counsel for appellee claim that the evidence taken before the court below, shows that the clause in question was written after the execution of the will proper, and amounts to no more than an unexecuted codicil. The court below so found, and in its opinion, said: "The main question before the court then is, whether the clause on the fourth (should be third) page appointing an executor was there when the will was signed and witnessed or whether it was added at a subsequent time. We have examined the testimony in this case with great care for the purpose of determining this question, and are of the opinion from all the testimony offered that the clause on the fourth (third) page appointing the executor was written after the testatrix signed her name on the first (fourth) page and after the same was witnessed by the two witnesses."

The only testimony as to the signing, is that of Thomas Brownfield, who wrote the will. In the first part of his testimony he was not quite clear as to whether he wrote the whole thing at once. He said he wrote the will on September 13, 1906, the day it bears date, wrote all of it on both sides of the sheet; would not like to say that he wrote all of it at the same time. Saw both witnesses sign the will. Would say that Miller signed it first. After testatrix signed the will, witness took it and left it with Mr. Bowman of the National Bank of Fayette County. Mr. Bowman sealed it in an envelope, and after the death of testatrix, witness got the will from Bowman and left it for record. Referring to the clause on third page, appointing an executor, he said he did not think it was written

when the will was signed, but thought it was written after the signature was attached.

On cross-examination, witness testified as follows:

"Q. Mr. Brownfield, as I understood in your testimony, when you got down to the bottom of this page in writing it, Mrs. Teed signed? A. That is my recollection. Q. And the other part was written after, but you do not know when? A. She said then she wanted me her executor. Q. And that was afterwards attached? A. Yes. Q. You do not know when? A. It was very soon after. Q. But was it after the will was signed? A. After she had signed that."

This is explicit. The two witnesses to the will also testified that the front page was read in their presence and they signed as witnesses. Neither one saw the writing on the other page which is the clause in dispute, and it was not read to the testatrix. It did not appear that either witness saw anything, except the first page, which testatrix had signed.

The only thing upon which appellant pretends to stand, is the evidence of I. L. Messmore and H. K. Barb, who testified that the witness, Thomas Brownfield, had told them on different occasions that he did not write any of the will after testatrix had signed it, and that the part of the will on the back of the sheet was written at the same time as the front page and before testatrix signed it.

Brownfield testified that he had no recollection of having made these statements. The evidence of the two witnesses does nothing more than put into dispute the fact of the alleged conversation, and its substance. It throws no light upon the real matter under investigation, which is, the time of signing the instrument, as compared with the time when the additional clause was written. Our examination of the testimony has satisfied us of the soundness of the conclusion reached by the court below in this respect. The matter written on the fourth page, constituted in itself a complete will. If the additional clause in question had been signed, it would not have changed anything which appeared in the body of the will. It only provided an executor. While the witness Brownfield admitted that his recollection was not entirely clear, yet he

stated as his final belief, that the clause in question was written after the will was signed. Against this, appears no opposing testimony, but only the possibility that at some other time, not when he was testifying under the sanction of an oath, Brownfield may have given as his recollection, a different version. Be that as it may, in his evidence in this case, his final conclusion, and the best of his recollection is, that Mrs. Teed signed the will at the bottom of the page, as soon as it was written, and that the line on the top of the third page was written by him afterward. There is no evidence to contradict this, and the appearance of the paper, its form and contents, all go to sustain the statement. In the absence of evidence the presumption would be, that such an addition to the will as that here shown, was made after the signature of the testatrix, and that of the subscribing witnesses had been put upon the paper. The general rule is thus stated in 1 Underhill on Wills (1900), sec. 268, where it is said: "Unattested alterations in a will, though proved to have been made by the testator, in the absence of any evidence showing when they were made, will be presumed to have been made after execution, and consequently, unless properly attested, will not operate as a partial revocation of the will." And again in Page on Wills (1901), sec. 432, it is said: "An alteration in a will is, as a general rule, presumed, in the absence of evidence, to have been made by the testator after the execution of the will. This rule is different from that often said to obtain in the case of other written instruments for this reason: In the case of other instruments it is a civil wrong, if not a crime, to alter a written instrument. In case of wills the testator may alter the will as much as he pleases, without wronging anyone."

We feel that the evidence against the conclusion that the will was signed before the attaching of the clause on page three, is so vague and unsatisfactory, that a verdict against the validity of the will, on that account, ought not to be allowed to stand. Under this test, which is the proper one to apply, we think that the court below was undoubtedly right in refusing an issue. The specifications of error are overruled, and the decree of the court below is affirmed.