## Parrott v. Parrott's Adm'x et al.

(Decided Nov. 9, 1937.)

HUBBARD BROTHERS and JOHN H. HUBBARD for appellant.

HAGAN & HAGAN, VICTOR I. CARTWRIGHT, JAMES S. SHAW and H. O. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Addie Parrott, a negress, died a resident of Louisville, Ky., March 8, 1934, leaving a writing dated July 18, 1931, written entirely in her own handwriting, which was admitted to probate in the Jefferson county

court on March 30, 1934, as her last will.  On March 5, 1935, Rosa Jane Griffin Parrott, by her next friend, Robert B. Shipley, appealed to the Jefferson circuit court from the order of the county court admitting the paper to probate.  In her statement of appeal, she alleged that she was the adopted child of Addie Parrott and John Parrott, her husband, and was their only heir at law.  A copy of the order of the Jefferson circuit court entered March 24, 1926, when she was 12 years of age, adjudging her to be the adopted child and heir at law of Addie Parrott and John Parrott, was filed with the statement of appeal.  As grounds for vacating the order admitting the paper to probate, she alleged that it was not properly executed as a will, and, further, that if Addie Parrott executed or attempted to execute it as her will, she was without testamentary capacity and was unduly influenced at the time by her son, William Cooper Clay.  On the trial of the case, the contestant did not attempt to show that Addie Parrott was without testamentary capacity or that any undue influence was exercised, and the case was tried on the sole issue as to whether or not she signed the paper in contest, and, if so, whether or not it was executed in compliance with section 4828, Kentucky Statutes, requiring a will to be in writing with the name of the testator subscribed thereto, and section 468, Kentucky Statutes, which reads:

> "When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

It was admitted on the trial that the paper was wholly in the handwriting of the testatrix, except her surname, which appears near the bottom of page 2, where it is spelled "P-a-r-r-o-o-t-t," whereas near the beginning of the will her name is spelled "P-a-r-r-o-t-t."  The contestant, and two or three witnesses introduced by her, testified that the surname appearing on page 2 of the paper, which the contestees claim is a part of the signature of the testatrix to the will, is not in her handwriting.  They admitted that the word "Addie," immediately preceding the word "Parroott," is in her handwriting.  Their opinion was based chiefly on the theory that she always signed her name "Parrott."  A number of witnesses who were familiar with the handwriting of the testatrix testified that her sur-

name on page 2 of the will was in her handwriting, and several notes admittedly signed by her were introduced in evidence, and on each of these she had signed her name "Addie Parroott." The evidence was amply sufficient to sustain the jury's finding that the signature was in the handwriting of the testatrix.

Whether or not the signature was subscribed at the end or close of the writing presents a more difficult question. The testatrix apparently had little education, and was not conversant with the laws of syntax and punctuation. Her grammar and spelling followed no recognized rules. However, it is not difficult to determine from the will just what she wanted to do with her property. After making a number of small bequests, she left the bulk of her estate to her son, William Cooper Clay, who died without issue before the death of the testatrix. She appointed Lulie B. Simmons executrix of her will, and, after a statement that she wanted Lulie B. Simmons to carry out her wishes, this appears near the bottom of page 2:

"Addie Parroott last will and in her good sound mine this day July the 28 1931 Rose Jane Griffin paid $15."

On the reverse side of the sheet of paper on which the signature appears is the following in the handwriting of the testatrix:

"3 Watches one to Mary one to Jon Sandrs Hawkins and to my son William Coopr Clay Sr all my rings divdid between Jon and Mary Reel all the stock for my son William C. Clay."

It is appellant's contention that what appears after the signature is of a dispositive nature and invalidates the entire instrument under the rule announced in Lucas v. Brown, 187 Ky. 502, 219 S. W. 796, 798, where the court said:

"A will is not signed at the end when the signature is followed by a dispositive clause which adds to or revokes previous bequests, but, if the clause below the signature does not affect the disposition of the estate, it is usually held not to invalidate the instrument."

In the Brown Case, the body of the will was written on one page, and a number of blank lines were left at the bottom of the page. On the reverse side of the

sheet of paper appeared an attestation clause signed by the testatrix and three witnesses. It was held that this complied with the statutory requirement that the testator's signature must be subscribed at the end of the will. In the course of the opinion it was said:

"Courts are loath to declare wills void. A construction effectuating the intention of the testator will be given when possible, but, in passing upon the validity of wills certain well-recognized rules, legal principles, and statutory provisions must be followed."

In the case before us, the matter immediately following the signature of the testatrix is not of a dispositive nature, but is in the nature of an attestation clause. Conceding that what appears on the reverse side of the sheet of paper is of a dispositive nature, it does not follow that the will is invalid. In the absence of a showing to the contrary, it will be presumed that matter following the testator's signature was intended to be a codicil, and if it is not signed it is inoperative. Failure to sign a codicil does not invalidate the original will which was signed. Ward v. Putnam, 119 Ky. 889, 85 S. W. 179, 27 Ky. Law Rep. 367; 68 C. J., Wills, sec. 298; Re Taylor's Estate, 230 Pa. 346, 79 A. 632, 634, 36 L. R. A. (N. S.) 66. In the case of Taylor's Estate, supra, the Supreme Court of Pennsylvania said:

"When a testamentary writing is found beneath the signature of a testator, the probability is that such writing was not there at the time the will was executed, for reason and general practice assure us that, if it had been part of the will, the testator would have signed beneath it, and not above it; so, in the absence of evidence, it is proper to presume that the writing was added after the execution of the will."

In the case before us, the matter following the signature and date was evidently added as the result of an afterthought, and whether the addition was made shortly after the will was written and signed by the testatrix, or after the lapse of a long period of time, is immaterial.

The appellant also contends that the paper in question is only a memorandum and was never intended by Addie Parrott to be her will. This contention is based

on a statement made by the witness Lillie B. Claxton, who testified that the testatrix showed her the paper, and said:

"I am going up town to have a stenographer to make that out so they can tell what I mean, because you know, Lillie, they will never read my writing in court."

This statement merely indicates that the testatrix intended to have the paper copied in order to make it more legible; but until that was done it was to be her will. The paper on its face indicates that she wrote it with testamentary intent. It begins as follows:

"Louisville, Ky July the 28 1931 last will and testament of Addie Parrott Addie Parrott being of sond mine to make this my last Will testament this day July the 28 1931 as foling William Cooper Clay Sr my son to have my huse on Madison St N 1320."

After disposing of her other property, she appointed Lulie B. Simmons executrix. This also appears in the paper:

"I am in my sond mine and if any one try to break my will are cut off from all rite."

The fact that Addie Parrott expressed her intention to have the paper copied by a stenographer does not compel the conclusion that the paper which she executed was not in fact a will. Nelson v. Nelson, 235 Ky. 189, 30 S. W. (2d) 893.

Other questions are discussed in briefs of counsel, but they have no place in an action to vacate an order of the county court admitting a will to probate.

The judgment is affirmed.