## Williams' Estate.

Argued September 26, 1939. Before Schaffer, Maxey, Linn, Stern and Barnes, JJ.

*Eugene C. Sloan,* for appellant.

*David E. Bane,* with him *Eustace H. Bane,* of *Bane &
Bane,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 27,
1939:

This is an appeal from the decree of the Orphans'
Court, dismissing an appeal from the order of the Regis-
ter of Wills, admitting to probate a writing as the last
will and testament of the decedent, Walter C. Williams.
The writing was testamentary in character and was exe-
cuted in accordance with the Wills Act of June 7, 1917,
P. L. 403, Sec. 2, 20 PS Sec. 191. It consisted of two
typewritten sheets of paper and a blank sheet, constitut-
ing the first page, all of which were joined together by
eyelets. The writing was dated December 31, 1925. At
the time it was offered for probate, there was written, in
the decedent's handwriting, on the blank or first sheet,
the following: "if I should die befor I have a other will
made I wand my estate to be divided amongst my three
sisters M. Bessie M. Star Nancy Bakewell Jessie M.
Beals." At the top of the second sheet, also in testa-
tor's handwriting, was written: "this will to be dis-
troyed this is the March 22: 1932." It was agreed that
the foregoing were written subsequent to the execution
of the will.

Appellant contends that this handwriting constituted
an effective revocation of the will.

Section 20 (a) of the Wills Act, supra, 20 PS Sec. 271,
provides: "No will in writing, concerning any real es-
tate, shall be repealed, nor shall any devise or directions
therein be altered, otherwise than by some other will or

codicil in writing, or other writing declaring the same, executed and proved in the manner hereinbefore provided; or by burning, canceling, obliterating, or destroying the same. . . ." Section 20 (b), 20 PS Sec. 272, provides: "No will in writing, concerning any personal estate, shall be repealed, nor shall any bequest or direction therein be altered, otherwise than as hereinbefore provided in the case of real estate. . . ."

Under similar provisions in earlier acts it was held that unsigned writings, on the margins, back or other parts of the paper on which the will was written, even though written after the will was executed and expressing an intention that the will be revoked, were not effective, and that the will should be probated and the subsequent writings disregarded: *Lewis v. Lewis,* 2 W. & S. 455; *Heise v. Heise,* 31 Pa. 246; *Saunders v. Samarreg Co.,* 205 Pa. 632, 55 A. 763. See also *Dixon's App.,* 55 Pa. 424; *White's Est.,* 262 Pa. 356, 105 A. 549. As is conceded, the writings here in question cannot be considered as a revocation under the first method prescribed by the act, that is as "a will, codicil or other writing declaring the same," since they were not signed at the end thereof, a necessary prerequisite to the proper execution of wills: Act of 1917, supra. Nor can they be given effect as a cancellation, obliteration or destruction of the will, the testamentary provisions of the will remaining untouched by their addition.

Appellant lays great stress upon the decision in *Evans's App.,* 58 Pa. 238. In that case, however, a line was drawn through two of the testator's signatures and through the word "will" and the word "cancelled" was written under one of the signatures. In addition the paper upon which the will was written was torn in a number of places. These acts together constituted a cancellation of the will. Nothing there said indicates that writings similar to those involved here should be considered as a cancellation.

Decree affirmed at appellant's cost.