# Shafer Estate

*Duane, Morris & Heckscher, Ballard, Spahr, Andrews & Ingersoll* and *W. B. Gibbons,* for appellants.

*B. G. O'Connell* and *J. G. Tunney,* contra.

BOLGER, J., February 3, 1949.—This is an appeal from a decree of the register of wills dated May 4, 1948, admitting to probate a certain writing dated

October 14, 1944, as a codicil to the will of decedent. The writing in question reads as follows:

"October 14, 1944

"I appoint the John Brown University, Siloam Springs, Arkansas, as the educational institution to receive the money left to such an institution under the Elizabeth Gravell Deed of Trust.

"(Signed)    Zachary Taylor Shafer

"Subscribed and sworn to before me this October 14, 1944

Orville Satterfield

(SEAL)

"Notary Public in and for the County of Los Angeles, State of California

"My Commission Expires October 5, 1946"

The signature appearing at the end of the writing is admittedly that of decedent, and same was duly proved by two witnesses as our law requires. However, it is contended that the writing should have been denied probate for two reasons: (1) It is not testamentary in character and therefore not a "will", and (2) it lacks the signatures of two subscribing witnesses, a requirement of the law of the State of California where decedent was domiciled at the time of his death.

It is agreed by stipulation signed by counsel representing all parties in interest that the testimony and other documentary evidence submitted at the time of the hearing on the caveat filed before the register of wills shall be treated as having been offered de novo on the appeal from probate, and I have all of that record before me for consideration.

All of the facts are admitted, the questions involved being purely of law. Decedent died on October 27, 1945, a resident of and domiciled in the State of California, leaving a will dated March 22, 1938, in which he named his daughter, Elizabeth N. Shafer, as executrix and

sole legatee. The Register of Wills of Philadelphia County took original jurisdiction and admitted the will to probate on June 13, 1946, it having been shown that all of testator's assets were located here. Authority for this action on the part of the register is found in the wording of section 4 of the Register of Wills Act of 1917, and it is not now contended that he exceeded his authority in that regard.

Other relevant facts necessary to a full understanding of the situation may be briefly recited as follows: On July 16, 1909, one Annie Windolph executed a deed of trust in which she named Elizabeth Gravell as trustee, and in which she conferred upon Zachary Taylor Shafer, our decedent, a testamentary power to appoint one half of the corpus of that trust to "such educational or other eleemosynary institution or charity" as he might select, and in default of such appointment then as settlor herself might by will appoint. Later, Girard Trust Company was substituted as trustee under the deed. Annie Windolph, settlor, died on September 28, 1911, a resident of Philadelphia, leaving a will which was duly admitted to probate here. As I understand it, the trust under that deed has now terminated and is before the Court of Common Pleas No. 5 of Philadelphia County (December term, 1912, no. 2108) for disposition pending the outcome of this litigation. It is conceded that the situs of that trust is now and always has been in Philadelphia, and it is stipulated that the entire corpus of the trust consists of personal property only.

As to the first question propounded, I have no hesitancy in deciding that the writing in question is testamentary in character and is entitled to probate on that ground. It must be borne in mind that we are not here concerned with the sufficiency of the instrument as an exercise of the power of appointment, that being a question of distribution to be decided by the

court having jurisdiction of the account of the trustee under the deed. In this connection see Rockett Will, 348 Pa. 445. Our only inquiry is whether or not the writing is sufficiently informative to show testator's intention that it should operate as a will; that he intended it to take effect only upon his death. In searching for testator's intention, circumstances surrounding him at the time he executed the writing may be considered if there is some real doubt as to the character of the instrument. See Tozer v. Jackson, 164 Pa. 373, Willing's Estate, 212 Pa. 136, and Hengen's Estate, 337 Pa. 547. In coming to a conclusion, I have been guided by such surrounding facts and circumstances.

It is to be noted that the writing starts by saying: "I appoint . . ." In view of the fact that testator possessed only one power of appointment, and that a testamentary power (under the deed of Annie Windolph), it seems reasonably certain that he must have had that power in mind when he executed the writing. This is made clearer by the fact that he appointed to the John Brown University "as the educational institution to receive the money left to such an institution . . ." thereby paraphrasing the very words of the deed itself. Also, the writing strongly indicates that testator realized the fund he was appointing was not his own property, but rather the property of the donor which had already been bequeathed by her to an educational institution, he being but an agent to name the appointee. The only element of doubt as to testator's intention in this regard is his reference in the writing to "the Elizabeth Gravell Deed of Trust". This doubt is strengthened by the fact that Elizabeth Gravell did actually make a deed of trust dated April 7, 1908, in which testator was named as a life tenant, but in which he had no power of appointment. Whether, in writing the paper here in question, he was referring

to the Windolph deed, and designated it by the name of the trustee mentioned therein, or whether he was confused as to which deed conferred the power upon him and made the mistake of naming the wrong one, is a question which goes to the efficacy of the instrument itself as an exercise of the power; a question of distribution which is not the subject of present inquiry. Even in the most unfavorable light, assuming he was confused and made a mistake in his reference to the deed, his intention that the writing should operate only upon his death as a testamentary disposition is, nevertheless, quite clear. I am firmly convinced that the writing is testamentary in character, and the register of wills was not in error in admitting it to probate on that score.

As to the second question involved, I have some real doubt. It is conceded that, while the writing was executed with great formality in that it was acknowledged before a notary public who signed as a witness and affixed his notarial seal, yet it does not conform with the law of the State of California because it is not signed by two subscribing witnesses. Admittedly, it could not be probated in California, the domicile of testator. Of course, under our law, no witnesses are required, and, if this were a Pennsylvania decedent, no question would arise. My examination of the cases dealing with probate of wills of nonresidents of this Commonwealth discloses that the validity of execution of a will of personal property belonging to a testator is governed by the law of the domicile of testator at the time of his death. In this connection see Desesbats v. Berquier, 1 Binney 335, Flannery's Will, 24 Pa. 502, Carey's Appeal, 75 Pa. 201, Beaumont's Estate, 216 Pa. 350, Deschamp's Estate, 22 Dist. R. 508, and A. L. I. Restatement of the Law of Conflicts §306. It is quite clear from these cases that our register of wills should refuse probate of a will of a nonresident

decedent, which purports to dispose of his personal property here if he finds that such will was not executed in conformity with the laws of decedent's domicile. On the other hand, the law is equally well settled that where a will exercises a power of appointment over personal property its legality is governed by the law of the domicile of the donor of the power at the time the instrument creating the power was executed. See Bingham's Appeal, 46 Pa. 345, Appeal of Aubert, 109 Pa. 447, Barton Trust, 348 Pa. 279, and A. L. I. Restatement of the Law of Conflicts §§287-288. Inasmuch as the paper here in question does nothing more than attempt to exercise a power of appointment over personal property, the situs of which is in Philadelphia, perhaps the register was within his rights in admitting it to probate in spite of the fact that it did not conform with the law of the domicile. This would be his only justification for doing so. The fact that testator's will had been previously probated here would not, of itself, warrant probate of the defectively executed codicil.

As noted heretofore, whether or not the writing is effective as a valid exercise of the power is a question of distribution not before me. But the aspect of the case which puzzles me is whether, as a matter of probate, consideration may be given to the dispositive provision contained in the writing and the law of the domicile of the donor of the power applied, or whether the writing must be treated as any other will and be measured by the law of the domicile of testator. I find no cases directly bearing on this point. In Galli's Estate, 250 Pa. 120, testatrix, a citizen of Italy, left one properly executed will and certain other testamentary writings not executed according to the laws of Italy, but which contained statements throwing light upon her testamentary intention, and it was held that all of the papers were properly admitted to pro-

bate here, their legal effect being left for consideration and determination at the time of distribution. In the present case, the writing in question does not refer to the prior will and is not integrated with it in any way, and it cannot be said that it should be probated for the purpose of enlightening the court as to the meaning of the will. Nevertheless, it does show a colorable or purported attempt to exercise a power of appointment admittedly vested in testator, and to deny it probate might have the effect of depriving the intended beneficiary of the right to have testator's intention judicially considered and determined at the time of distribution, for if the writing is neither probatable here nor at the domicile the probability is that it may not be considered a will at all, and therefore its value is completely lost because the deed conferring the power prescribes that the power must be exercised by a "last will". It would be rather inconsistent to hold, one way, that the writing is testamentary in character as I have done, and at the same time decide that it is not a will.

In the light of all the foregoing circumstances, I find that the only conclusion which can be supported by reason is that the paper should be admitted to probate here and its effect as a testamentary disposition left to a decision of the court having jurisdiction over distribution. If the law of the domicile of the donor of a power of appointment is to be applied in distributing the appointive fund under the will of the donee exercising the power, as the cases hold, then the validity of execution of the donee's will should also be governed by the law of the domicile of the donor. Otherwise, if the donee's will is denied probate at the domicile of the donor for no other reason than that it is not in conformity with the law of the domicile of the donee and could not be probated there, its legality as a testamentary disposition cannot be judicially determined;

502

a result which I think should be avoided if possible. This must be especially true where, as here, the writing is testamentary on its face and does nothing more than purport to exercise a power of appointment over personal property the situs of which is here.

I, accordingly, enter the following

*Decree*

And now, February 3, 1949, the appeal from decree of the register of wills dated May 4, 1948, admitting to probate the writing dated October 14, 1944, as a codicil to the will of Zachary Taylor Shafer, deceased, is dismissed, and the record is remitted to the register of wills.