## Mayor Estate

*I. Bernard Rotberg*, for accountants.

*Louis Marion*, for Commonwealth.

KLEIN, P. J., December 28, 1961.—Jacob Mayor died on January 12, 1960, unmarried and without issue, leaving a will which was admitted to probate on January 26, 1960, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

Testator's will contains many penciled markings, interlineations and deletions. The decree of probate of the register of wills has added to the printed matter thereon the following notation in handwriting: "Exclusive of deletions and interlineations in body of Will."

It appears from the statement of proposed distribution, which was submitted at the audit of the present account on December 4, 1961, that decedent's heirs-at-law and next of kin are his brother, Michael Mayor, and his sister, Mollie Levick. By writing dated January 5, 1961, a copy of which is attached to the statement of proposed distribution, the said Mollie Levick assigned all her right, title and interest in and to the present estate to her sons, William, Harry, and Benjamin Levick, and to her daughter, Mrs. Reba Krasnow, share and share alike.

The statement of proposed distribution does not request distribution of those legacies which appear to have been deleted, and no written notice of the audit appears to have been given to the parties originally named as beneficiaries of the said legacies. The statement of proposed distribution further recites that an intestacy exists as to the residuary estate and accordingly requests distribution of the same one-half to decedent's brother, the said Michael Mayor, and one-eighth to each of the said William Levick, Harry Levick, Benjamin Levick, and Reba Krasnow, children of decedent's sister, Mollie Levick.

In Rocket Will, 348 Pa. 445 (1944), the Supreme Court outlined the procedure to be followed by the register of wills with respect to testamentary writings containing markings, deletions, and interlineations which appear to have been added after the instrument was executed. Mr. Justice Drew, speaking for a unanimous court, said, at page 450:

"We agree with the court en banc 'that the learned Auditing Judge was restricted at the audit of the executor's account to the application of the testator's wishes as expressed in the will, not as found by the Auditing Judge, but as determined by the Register. It was his function to construe the instrument presented to him with the Register's specific finding and without

any authority in him as the Auditing Judge to take any testimony or to deliberate the matter further than what appears on the face of the instrument itself and in the Register's record.' "

A cancellation or obliteration need not be signed by testator, nor is any special form required to give effect thereto: section 5 of the Wills Act of April 24, 1947, P. L. 89. On the other hand, insertions in a will are invalid unless signed by testator: Wright Estate, 380 Pa. 106 (1955) ; section 2 of the Wills Act of April 24, 1947. See also Williams' Estate, 336 Pa. 235 (1939). Whether the insertions or alterations form a part of testator's will is a question of probate rather than construction or distribution, the determination of which is a function of the register.

Let us examine more closely the will which has been probated in the present case. It is typed on three pages and signed at the end thereof by testator. Paragraph 3 bequeaths a "$100.00 United States Government Bond" to each of 16 legatees. After the names of two of the legatees, Stephen Kerzner and Faye Helene Kerzner, there is a dash and the figure "300", both in pencil. The names of five other legatees, Charles Kreeger, Lura Kreeger, Ricky Mayor, Joan Mayor, and Cray Mayor, have penciled lines running through them, and a question mark is written after the names and addresses of the said parties. Paragraph 4 contains 17 legacies in varying amounts. The first legacy to "Michael and Lena Mayor, of Phila., Pa.," in the sum of $2,000, has what appears to be the numeral "1" in pencil through the numeral "2". Penciled lines are drawn through the following legacies in this paragraph: Rose Mayor, of Philadelphia, Pa., the sum of $500; Naomi Kreeger, of Chicago, Illinois, the sum of $250; Harry and Shirley Kerzner, of Phila., Pa., the sum of $500; and Kate Mayor, of Atlantic City, N. J., the sum of $250. Moreover, page 2 of the will, which

contains almost all of paragraph 4, has been torn in two parts and is fastened together with a clear adhesive tape. Paragraph 8, on the third page of the will, which contains what appears to be a residuary clause, seems to be almost entirely crossed out with penciled lines.

The legend inserted in the decree of probate that it is "exclusive of deletions and interlineations in body of Will" does not satisfy the responsibility which is placed upon the register of wills. The silence of the decree as to the effect of the interlineations and other penciled markings on the will does not have the effect of a judicial determination with respect thereto. See Estate of Sara C. Maguire, Deceased, no. 1143 of 1960, in which a similar situation arose and in which Lefever, J., reviewed the law on the subject in greater detail. The auditing judge, therefore, has no alternative but to declare the decree of probate void and to refuse to audit the account until an intelligible and unequivocal decree is entered by the register.

Accordingly, the auditing judge enters the following

### Decree

And now, December 28, 1961, for the reasons hereinabove set forth, the audit of the account is continued generally, the decree of probate is vacated, and the accountants are directed to make application to the register of wills for an appropriate decree of probate.