**George FAIRWEATHER et al., Appellants,**

**v.**

**Mildred NORD, Admr'x of the Estate of Ella H. Nord, et al., Appellees.**

Court of Appeals of Kentucky.

March 12, 1965.

---

James S. Welch, Malcolm Y. Marshall, Ogden, Robertson & Marshall, Louisville, for appellants.

Robert J. Speckman, Philip P. Ardery, Louisville, for appellees.

JAMES C. CARTER, Special Commissioner.

Ella H. Nord, a resident of Louisville, Jefferson County, Kentucky, died on January 29, 1961, leaving an instrument of writing which was, thereafter, offered for probate in the Jefferson County Court as her last will and testament.

On February 2, 1961, the instrument was produced in said court and after a hearing on that date an order was entered rejecting the instrument for probate and appointing Mildred Nord, Administratrix of the decedent's estate. Mildred Nord is the daughter-in-law of decedent and the person designated in the instrument as executrix (sic) of the estate of Ella H. Nord.

The appellants, George Fairweather, Blanche Craven and Cecil Penny instituted this action in the Jefferson Circuit Court, to vacate or set aside the order of the Jefferson County Court, Probate Division in Action No. 88699, rejecting for probate the writing which had been offered as the holographic will of Ella H. Nord.

Upon the case being submitted to the court below, on motion of appellees for a judgment on the pleadings and record, judgment was entered affirming the order of the county court, and from that judgment this appeal was prosecuted.

This instrument of writing dated July 8, 1959, purporting to be the last will and testament of Ella H. Nord consisted partly of a printed form and partly of handwrit-

ing being written by deceased, Ella H. Nord, except the signature and address of a witness.

The entire instrument is as follows with the handwritten portion emphasized by capital letters:

"In the name of God, Amen, I, ELLA H. NORD, 1124 WALTER AVE. LOUISVILLE 15 KY being of sound and disposing mind and memory, and considering the uncertainty of this life, do make, publish and declare, this to be my last will and testament as follows: First, after my lawful debts are paid, I give TO MY NEICE (sic) BLANCHE CRAVEN 108–05–97th AVE. RICHMOND HILL, NEPHEWS GEORGE FAIRWEATHER 21 PINEWOOD AVE. EAST GREENBUSH, N. Y. AND CECIL PENNY 14 HOFFMAN RD. L. I. ALL MY REAL AND PERSONAL AFFECTS OF WHICH I MAY DIE POSSESSED, PROVIDED THEY TAKE GOOD CARE OF THEIR AUNT MAME, MY SISTER MAME McCARTHY LIVING WITH ME NOW AS LONG AS SHE MAY LIVE.

"SHOULD ANY OF THESE BENEFICIARIES DIE BEFORE DISTRIBUTION, SUCH SHARES WILL BE DIVIDED AMONG THE SURVIVING FAMILY.

    55 SHARES STANDARD OIL OF KENTUCKY
250    "    UNION PACIFIC RAILROAD
 89    "    PUBLIC SERVICE OF NEW JERSEY
210    "    AMERICAN TEL & TEL

"THE SAVINGS ACCOUNT IN GREATER LOUISVILLE IS FOR THE CARE OF MY SISTER MAME McCARTHY.

"I hereby appoint MRS. MILDRED NORD–DAUGHTER-IN-LAW to be ExecutrIX of this my last will and testament: hereby revoking all former wills.

                  "ELLA H. NORD

"In witness whereof, I have hereunto subscribed my name, and affixed my seal, the 8TH day of JULY in the year of our Lord, one thousand nine hundred 59.

"Witnesses:

"Mrs. T. E. Chapman
1121 Walter Ave
Louisville Ky."

———◆———

An order was entered by the Jefferson Circuit Court on May 1, 1962, filing certain exhibits tendered by administratrix including an affidavit of descent, birth certificate and marriage certificate purporting to show that the appellee, Patricia Lois Nord Otterstedt, is the grandchild and sole heir at law of the decedent, Ella H. Nord. Formerly, and on February 2, 1961, Mildred Nord, upon making application for Probate of Will and Appointment of Executrix listed the heirs at law and next of kin of Ella H. Nord as a sister, Mame McCarthy, a niece, Blanche Craven, and nephews, George Fairweather, Cecil Penny, Leslie Penny and Harry McCarthy.

The persons named as devisees and legatees in the rejected will are the appellants, and the appellees are Mildred Nord as administratrix of the estate of Ella H.

Nord, and Patricia Lois Nord Otterstedt, the alleged granddaughter and sole heir at law of decedent.

The instrument, deleting the printed portion, wholly in the handwriting of Ella H. Nord, is as follows:

"Ella H. Nord 1124 Walter Ave. Louisville 15 Ky to my neice Blanche Craven 108–05–97th Ave. Richmond Hill, nephews George Fairweather 21 Pinewood Ave Greenbush, N. Y. and Cecil Penny 14 Hoffman Rd. L. I. all my real and personal affects of which I may die possessed, provided they take good care of their Aunt Mame, my sister Mame McCarthy living with me now as long as she may live. Should any of these beneficiaries die before distribution, such shares will be divided among the surviving family

> 55 shares Standard Oil of Kentucky
>
> 250 " Union Pacific railroad
>
> 89 " Public Service of New Jersey
>
> 210 " American Tel & Tel

"The Savings Account in Greater Louisville is for the care of my sister Mame McCarthy

> "Mrs. Mildred Nord-daughter-in-law (Execut)rix
> (S) Ella H. Nord 8th July 59"

Appellees contend that the instrument which is not wholly in the handwriting of decedent should not be considered a holographic will; that although her intent was testamentary, it was not her intent to make a holographic will but a formal will; and that her effort simply failed to meet the standard prescribed by KRS 394.040, and they rely upon the case of Blankenship v. Blankenship, 276 Ky. 707, 124 S.W.2d 1060.

True, the Blankenship case is the leading case in Kentucky on the point at issue here, but we should take a closer look at the language this court used in the Blankenship case. After quoting from the case Re Wolcott's Estate, 54 Utah 165, 180 P. 169, 4 A.L.R. 727, this court said:

"We think this reasoning is sound and inescapable. Any other conclusion necessarily would deny effect to the provision that the will must be 'Wholly' written by the testator if no witnesses attest it. Even though written or printed matter may appear on the same paper as the will The Instrument Itself May Still Properly Be Said To Be Wholly Written By The Testator Where The Intent Is Clear And The

Instrument Is Complete In Itself." (Emphasis added.)

This court is, therefore, of the opinion that that portion of the instrument written by the testatrix in her own handwriting is complete in itself; that the printed words are surplusage and that the written portion, without the printed words, is sufficient to constitute a testamentary disposition of all her property.

In 57 Am.Jur. 433 (Wills, Sec. 634), relied upon by appellees, we find this language:

"* * * The mere fact that the testator used a blank form whether of a will or some other instrument does not invalidate an otherwise valid will if the printed words may be entirely rejected as surplusage."

In the case of Hopson v. Ewing, Ky., 353 S.W.2d 203, 91 A.L.R.2d 733, this court said:

"'Of all instruments a will is least governed by form, the form being unimportant, except as indicating intent.' Dixon v. Dameron's Adm'r, 1934, 256 Ky. 722, 77 S.W.2d 6, 7; 57 Am.Jur.

51 (Wills, § 20). The absence of dispositive words such as "give," "devise," or "bequeath" does not necessarily stamp an instrument as nontestamentary. Id., p. 54, § 21. We have no difficulty in concluding that the paper before us in this case was intended as a will and was sufficient in form and substance for that purpose."

■ The signature of Ella Nord appearing at the close of the instrument but prior to the date thereof meets the requirements of KRS 446.060 that the signature appear at the "end or close of the writing." Flood v. Pragoff, 79 Ky. 607, 3 K.L.R. 372; Ward v. Putnam, 119 Ky. 889, 85 S.W. 179, and Parrott v. Parrott's Adm'x, 270 Ky. 544, 110 S.W.2d 272.

For the foregoing reasons it is recommended that the Jefferson Circuit Court be reversed and said court be directed to admit the hand written provisions of the instrument to be probated as the last holographic will and testament of Ella H. Nord.

The opinion is approved and the judgment is reversed.