IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH, 1888.

## APPEAL OF JOHN WINELAND ET AL.

FROM THE DECREE OF THE ORPHANS' COURT OF WESTMORE-
LAND COUNTY.

| | |
|---|---|
| 119 | 37 |
| 218 | 118 |
| 118 | 37 |
| f221 | 103 |

Argued October 10, 1887—Decided January 3, 1888.

When a will is written with a final clause appointing executors and the sig-
nature of the testator precedes such clause, the will is not signed at the
end thereof within the meaning of § 6, act of April 8, 1833, P. L. 249
and should not be admitted to probate.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.
No. 54 October Term 1887, Sup. Ct.; court below, No. 1
November Term 1886, O. C.

On April 26, 1880, Benjamin Wineland, of Sewickley town-
ship, executed as his last will and testament a certain paper
writing, the last two paragraphs of which with the attestation
thereof were as follows:

My personal property to be sold at my Disease and the Money
as much that is needed to be applied to the building of a house
for My Daughters Fanny & Mary Ann Wineland and Provided
no House be built that Money to be divided among all of My
Children Except one hundred Dollars to go to my grand Daugh-

(37)

ter Levina Wineland   I will that my son Henry Wineland see to the farming of Fanny and Mary Ann Wineland peace of land

My will is if no house built in my lifetime that they get the house where Henry Wineland now lives one year two if they choose to keep the lot they can Exchange the Same amount for it   My will is if there is a house built in reasonable time Henry Wineland is to do the hauling for it   This my will written April 26th 1880

[Signed]   BENJAMAN WINELAND

I will that that Cephas Lash and Henry Wineland be My Executors

Signed Sealed Published and declared by the Said Testator Benjamin Wineland as and for his last Will & Testament in presence of us—Who in his presence and at at his Request and in the presence of Each other Have Subscribed our names as Witnesses thereto          [Signed]   LEMISON STRUBLE.

CEPHAS LASH.

The said Wineland having died, on November 18, 1885, the register of wills admitted said writing to probate as the decedent's will and issued letters testamentary to the persons therein named as executors.   John Wineland and others, heirs at law, then filed an appeal to the Orphans' court from the register's decree, excepting thereto, inter alia :

1. The said alleged will and testament was not signed at the end thereof by the testator.[1]

5. The register erred in granting letters testamentary to Cephas Lash and Henry Wineland, they not being named as executors in said alleged last will and testament.

It was in evidence that the paragraph appointing the executors was written as part of the will, at the request of the decedent and before the paper was signed by the decedent or attested by either of the witnesses.

The appeal coming on for hearing, the court, JAMES A. HUNTER, P. J., overruled all the exceptions except the 5th, in an opinion which in part was as follows :

This leaves the only remaining question: Did the register err in granting letters testamentary to Cephas Lash and Henry

Wineland, because their appointment as executors at the foot of the will was not properly attested by the testator, and therefore not part of the will. The language of the act of April 8, 1833, is almost identical with the statute of 1 Vict. c. 26, upon which lengthy comment is made in 1 Jarman, 260–267. On the latter page it is said: "Thus a reference to the will does not set up an . . . . . unattested writing as part of the will, though on the same paper." So again, in 1 Williams Ex., 69, n. c., having reference to the statute of 1 Vict., supra, and the supplement of 15 Vict. c. 24, it is said: "In order to get rid of the objection that the will was not signed at the foot or end thereof, the court in some cases has thought itself justified in regarding a portion running below the signature as forming no part of the will, and granting probate exclusive of that portion." The same thought in our own Supreme Court is given in Hays v. Harden, 6 Pa. 409. I am of the opinion that the register should not have granted letters testamentary as he did, but that in other respects there was no error.

And now, February 5, 1887, so much of the decree of the register as grants letters testamentary to Cephas Lash and Henry Wineland is reversed, and otherwise the exceptions are dismissed and the decree of the register affirmed, and the record is now remitted to the register for further action and to declare the letters testamentary granted revoked, and to grant letters of administration cum testamento annexo to the proper person or persons entitled thereto according to law, upon application, and this without prejudice to the rights of Henry Wineland.[5]

The exceptants thereupon took this appeal assigning for error:

1. The dismissal of the first exception to the decree of the register.[1]

5. The order directing the register to grant letters of administration c. t. a.[5]

*Mr. H. P. Laird* (with him *Mr. John B. Keenan*), for the appellants:

1. The clause appointing the executors was a material and all important part of the alleged will, and therefore the said will was not signed at the end thereof, as required by § 6, act

of April 8, 1833, P. L. 249: Hays v. Harden, 6 Pa. 413; Heise v. Heise, 31 Pa. 250; Stricker v. Groves, 5 Wh. 396; Murry v. Murry, 6 W. 356.

2. If this be not a valid will, no decree directing the issuance of letters of administration c. t. a. can be sustained: 2 Bl. Com. 503; 1 Wms. Execrs. 459; Ellmaker's Est., 4 W. 36; Dietrich's App., 2 W. 333; Commonwealth v. Mateer, 16 S. & R. 420.

*Mr. John F. Wentling* (with him *Mr. I. E. Lauffer* and *Mr. D. A. Miller*), for the appellees:

1. The will would have been a legal and valid testament, had the testator failed to appoint executors, and the register had been required to appoint administrators c. t. a. Therefore the first assignment is without merit.

2. It is immaterial whether the order complained of in the fifth assignment be correct or not, as Henry Wineland, appointed executor, being the oldest heir, cannot be passed by the register in the appointment of administrators c. t. a.

OPINION, MR. JUSTICE PAXSON:

The first assignment of error presents the only question we need discuss. Said assignment is as follows: The court erred in affirming the decree of the register, and in overruling and dismissing the first exception filed before the register, upon the appeal from the decree of the register, which said exception is in the words following, to wit: " The said alleged last will and testament is not signed at the end thereof by the alleged testator, as required by the act of assembly in such case made and provided."

The statute of 1833 enacts that " Every will shall be in writing, and unless the person making the same shall be prevented by the extremity of his last sickness, shall be signed by him at the end thereof," etc.

The will of Benjamin Wineland was not signed by him at the end thereof. It was signed by him, but after the signature were the following words: " I will that Cephas Lash and Henry Wineland be my executors." This was not signed by the testator. After these words came the attestation clause which was in the usual form.

The register admitted the will to probate and granted letters testamentary to the executors above named.

Upon appeal from the register to the Orphans Court, the said court reversed the register so far as the granting of letters testamentary was concerned, and ordered letters of administration cum testamento annexo to be issued to the parties legally entitled thereto. The learned judge of the Orphans' Court makes no reference in his opinion to the question we are now considering. It deals with other questions in the case which would be important if the will were properly executed.

We think it is not. It cannot be said that the clause appointing the executors is no part of a will. It is an important part though not always essential. It cannot be brushed aside as mere idle words to which no meaning is to be attached. Nor can they be rejected and so much of the will be probated as stands above the signature. As was said by Chief Justice GIBSON in Hays v. Harden, 6 Pa. 413 : "It is better, therefore, that an informal addition should operate as a statutory revocation of the whole than that a plain injunction should be frittered away by exceptions." I am aware that our act of 1833 closely resembles the statute of 1 Vict. c. 26, and that some English authorities seem to sanction the doctrine contended for by the appellees. It is said in 1 Williams Executors, 69, in commenting upon the above statute of Vict. and its supplement of 15 Vict. c. 24, that "in order to get rid of the objection that the will was not signed at the foot or end thereof, the court in some cases has thought itself justified in regarding a portion running below the signature as forming no part of the will, and granting probate exclusive of that portion. Our act of 1833 as well as the statute of Vict. are in part borrowed from the British statute of frauds, two sections of which have been so evaded by judicial construction as to be practically repealed. We do not propose that the act of 1833 shall meet with the same fate. The legislature have laid down a rule so plain that it cannot be evaded without a clear violation of its terms. No room is left for judicial construction or interpretation. It says a will must be signed at the end thereof, and that's the end of it.

We are of opinion that this paper was not a will within the

meaning of the act of 1833, and that it was error to admit it to probate.

> The decree is reversed at the costs of the appellee, and it is ordered · that the letters of administration cum testamento be revoked, and the probate of the will vacated.