CASE 116—PROCEEDINGS BY EDWARD W. WARD AND OTHERS AGAINST
MARGARET E. PUTNAM, &C., TO PROBATE THE ALLEGED WILL OF
MARGARET E. WARD, DECEASED.—FEB. 21.

# Ward, &c. v. Putnam, &c.

APPEAL FROM KENTON CIRCUIT COURT—WM. McD. SHAW, CIRCUIT
JUDGE.

FROM THE JUDGMENT OF THE CIRCUIT COURT REFUSING TO PROBATE
EDWARD W. WARD AND OTHERS APPEAL.   REVERSED.

WILLS—SUBSCRIPTION—SIGNATURE—PLACE OF—STATUTORY PROVISIONS
—CODICILS—CLAUSE APPOINTING EXECUTORS.

1. Under Kentucky Statutes, 1903, section 4828, providing that no
   will shall be valid, unless in writing, with the name of the
   testator subscribed thereto, and section 468, providing that no
   writing required by law to be signed shall be deemed signed un-
   less the signature be subscribed at the end of such writing,
   a will was sufficiently subscribed, although the signatures of
   the attesting witnesses were separated by a small space from
   the signature of the testatrix, where such space was taken up
   by the written words, "Signature," "Witnesses sign here," and
   "Sign here"—such words clearly explaining on the face of the
   paper why the witnesses signed as they did.
2. The validity of a will duly signed at its close is not affected by
   the fact that a codicil thereto is not signed.
3. Kentucky Statutes, 1903, sections 468, 4828, were substantially
   complied with where, in a will, the entire disposition of the es-
   tate contemplated by testatrix was above her signature; the
   only clause following being the appointment of executors, with
   power to sell the property for division, if necessary; such
   clause not being essential to the validity of the instrument,
   under Kentucky Statutes, 1903, sections 3891, 3892.

HARRY B. MACKOY, GUARDIAN AD LITEM FOR INFANT APPELLANTS
WARD MILLER AND VIRGINIA MILLER.

ROBT. C. SIMMONS, ATTORNEY FOR APPELLANTS E. W. AND VINCENT
WARD.

CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHOR-
ITIES CITED IN SUPPORT OF EACH QUESTION.

1st. The intention of testatrix should be given effect, if possi-
ble to do so.  Price v. Hutchins, 98 Ky., 656; Crozier v. Cundall,

Ward, &c., v. Putnam, &c.

99 Ky., 202, 209: Upchurch v. Upchurch, 16 B. Mon., 102; Porter, etc., v. Ford, etc., 82 Ky., 191.

2d. The object and spirit of the statutes prescribing the mode of executing wills were to prevent fraud, but there can be no fraud in this case. Porter, etc., v. Ford, etc., 82 Ky., 191, 195; Schouler on Wills, 2d ed., sec. 312.

3d. A will must be considered as ending with the close of the dispositive parts, and if the signature is attached there, the will is valid as to those parts. Schouler on Wills, sec. 1 and notes; Bouvier's Law Dictionary, "Wills;" Rockel's Ohio Probate Practice, sec. 1037; Woerner, Amer. Law. of Administration, (2d ed.), vol. 1, sec. 39; Schouler on Wills, sec. 297 and notes; Williams on Executors, vol. 1, p. 6, Estate of Jno. McCullough, Myr. Prob. (Cal.), 76; Schouler on Executors and Administrators, sec. 3; Kentucky Statutes, secs. 3891-3892.

4th. The present will was attested in substantial compliance with the statutes, and that is sufficient. Soward v. Soward, 1 Duvall, 132; Matter of Acker, 5 Dem. (N. Y.), 19.

. 5th. The Kentucky authorities relied upon by appellees are not in conflict with the will. Soward v. Soward, 1 Duvall, 132; Flood v. Pragoff, 79 Ky., 607; Baker v. Baker, 51 O. S., 217, 223; Brady v. McCrosson, 5 Redf., 431.

ERNST CASSATT & McDOUGAL, FOR APPELLEES.
FRANK W. COTTLE, OF COUNSEL.

We contend:

1. That the attempted execution of this will was in violation of section 4828, Kentucky Statutes.

2. That the Legislature's intent and not the testator's intent is controlling on the question of admission of a will to probate. And also if testator's clear intent were relevant at this time, there is no way of knowing what this particular testator's intent was.

3. That the citations in appellant's able brief to text writers and decisions are not relevant to this question, and would neither control nor vary the rule in Kentucky if they were.

## CLASSIFICATION OF AUTHORITIES.

1. The Kentucky law of wills. Section 4828, Kentucky Statutes; Soward v. Soward, 1 Duvall, 126.

2. The right to make a will is statutory, not inherent. Page on Wills, section 21; Moorev. Howe, 4 Monroe, 198, on p. 201; Schouler on Wills, section 16.

3. Execution and subscription on wills must be in accordance with express terms of statute. Upchurch v. Upchurch, 16 B. Monroe, 102; Soward v. Soward, 1 Duval, 126; Sisters, etc., v. Kelly, 67 N. Y., 409; Wineland's Appeal, 118 Pa. St., 37; Schouler's Executors & Administrators, section 63, pp. 78 and 79; Rockels' Ohio Probate Proceedings, pp. 936 and 937.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—REVERSING

Margaret E. Ward requested Robert C. Simmons, as her attorney, to prepare her will, which he did, and sent it to her. Afterwards, and before the will was signed, she requested him to write a codicil to it. This he did, and returned the paper to her. After her death the paper was offered for probate in the county court, and was admitted to probate in part. An appeal was taken from the judgment of the county court, and in the circuit court a judgment was rendered rejecting the entire paper on the ground that it was not subscribed by the testatrix, and this is the only question to be determined upon the appeal. The entire paper is in these words:

"I, Margaret E. Ward, of Covington, Kentucky, being of sound mind and memory, do constitute this instrument of writing my last will and testament.

"First. I direct the payment of all my just debts and funeral expenses first out of my estate,

"Second, I will and devise to my daughter Margaret E. Putnam my house and lot on Eighth street, Covington, situated immediately east of the property deeded by me to my daughter Sarah F. Ward and adjoining the Donnelly property, to have and to hold for and during her natural life, with remainder to her children, if any she may have living at the time of her death, or their descendants; if none, then said property is to go as follows: One-third to my daughter Sarah F. Ward, one-third to my son Edward W. Ward, and one-third to my daughter Eliza B. Miller.

"Third. One-third of the rest and residue of my estate of whatever character, whether real, personal or mixed or wherever situated, I will and devise to my daughter Sarah F. Ward for and during her natural life; at her death said interest to be disposed of in the manner provided in the section next following to my children Edward and Eliza and their children.

"Fourth. All the rest and residue of my estate not hereinbefore devised shall be divided into seven equal parts, and one of the such equal parts shall be received by my son Edward W. Ward, one part by my daughter Eliza B. Miller, one part by Roberta Ward, one part by Logan Ward, one part by Anna Ward, one part by Ward Miller, and one part by Virginia Miller. Should any one of said grandchildren die before me without issue, his or her part shall go to his or her brother, or his or her sister or sisters, or sister Mrs. R. D. Ward and brother as the case may be.

"MRS. R. D. WARD.

"I hereby appoint Dr. Vincent Davis, of Louisville, Kentucky, and my son Edward W. Ward executors of this my will, and empower them to sell and dispose of my property in order to effect the division herein provided for, if, in their opinion, a sale by them would be expedient or desirable.

"In witness whereby I hereunto sign my name this the 19th day of April, 1902, in the presence of,    (Signature)

"Subscribed and attested by us at the request and in the presence of the testatrix, and in the presence of each other.

E. M. Putnam,
C. B. McVoy,
"(Witnesses sign here.)

"As a codicil to the above will I direct that any one con-

testing this will or any of its provisions shall forfeit any and all devises or bequests therein made to them or any of them, and that such person shall have no interest in my estate, or any part thereof.

"In witness whereof I have hereunto set my hand this the ———— day of ————, 1902, in the presence of

(Sign here.)

"Subscribed and attested by us in
the presence of and at the request
of the testatrix, and in the presence
of each other

"(Witnesses sign here.)"

The paper is in the handwriting of Mr. Simmons. There is no question as to the authenticity of Mrs. Ward's signature, or of the signatures of the attesting witnesses, or that she signed the paper and had it witnessed as her will. By section 4828, Kentucky Statutes, 1903, no will shall be valid unless it is in writing, with the name of the testator subscribed thereto; and by section 468, Kentucky Statutes, 1903, when the law requires any writing to be signed; it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing  In Soward v. Soward, 1 Duv., 126, it was held that under the statute the subscription was insufficient if there was any unnecessary and unreasonable blank space between the conclusion of the will and the signature of the testator or the names of the witnesses.  On the other hand, the rule is that, in the attestation of wills, a substantial compliance with the statute is sufficient, and, if the object and intent of the statute is reached without a violation of its express language, nothing more is required.  Upchurch v. Upchurch, 16 B. Mon., 102; Porter v. Ford, 82 Ky., 191, 6 R., 60; Flood v. Pragoff, 79 Ky., 607, 3 R., 372.

The county court admitted to probate the first, second, third, and fourth clauses of the will, or so much thereof as is above the signature of the testatrix; rejecting the last clause of the will and the codicil. Mr. Simmons wrote on the paper when he sent it to the testatrix the words in pencil, "Signature," "Witnesses sign here," and "Sign here," as they appear on the paper.

It is insisted for appellees that, the right to make a will being purely statutory, the entire instrument is invalid, as Mrs. Ward did not subscribe the paper at the end thereof. In support of this position we are referred to the cases of Sisters of Charity v. Kelly, 67 N. Y., 409, and Wineland's Appeal, 118 Pa., 37, 12 Atl., 301, 4 Am. St. Rep., 571. On the other hand, it is insisted for appellants that the intention of the testatrix should be given effect, if possible, and that to this end she should be presumed to have signed the paper at the conclusion of the part which she desired to make her will, and that the omitted clause simply appointed an executor, and did not affect in any way the disposition of her property made by the will. In support of this view we are referred to the case of Estate of John McCullough, Myr. Prob. (Cal.), 76; Woerner on the Law of Administration, section 39; Schouler on Executors, section 3; Baker v. Baker, 51 Ohio St., 217, 37 N. E., 125; Brady v. McCrosson, 5 Redf. Sur., 431; Matter of Acker, 5 Dem. Sur. (N. Y.), 19.

Some question is made on the ground that the signature of the attesting witnesses is separated from the signature of the testatrix by a small space; but, this space being taken up by the written matter which Mr Simmons put there, and the fact that the witnesses signed as they did being clearly explained on the face of the paper, the rule laid down in Soward v. Soward does not apply, as here there was no unnecessary space left. So the case comes to this: Can that

part of the instrument which is above the signature of the testatrix be probated as her will?

It will be observed that the testatrix signed the paper, in fact, twice—once in the next to the last line of the fourth clause, and once at the close of the fourth clause. It will also be observed that the entire disposition of her estate contemplated by her is above her signature. The only thing following is the appointment of the executors, with power to sell the property for division, if necessary. The fact that she did not sign the codicil we do not regard as material. If she had signed the will at its close, the fact that she did not sign the codicil, which is a separate instrument, would have in no manner affected the validity of the will.

As to whether or not the placing of the signature above the end of the will invalidates the intire instrument seems to depend upon the effect of the part following the signature. If the part following the signature is a dispositive clause which adds to or revokes previous bequests, the whole instrument is invalid; but, if the clause added below the signature does not affect the disposition of the estate, it is usually held not to invalidate the instrument. Page on Wills, section 186; Schouler on Wills, section 3.

As to whether the instrument is invalid where the clause below the signature merely appointed an executor, the authorities are conflicting. In New York and Pennsylvania the whole instrument is held invalid. Thus, in Sisters of Charity v. Kelly, 67 N. Y., 409, the will was signed thus:

"likewise, I make, constitute and appoint Edward Mc-Carthy to be executor (J. Kelly) of my last will and testament, hereby revoking all former will by me made.

"In witness whereof, I have hereunto subscribed my name

and affixed my seal, the 24th day of July, 1874, in the year of our Lord one thousand eight hundred and sixty.

"Witnesses:

"EDWARD McCARTHY,

"DANIEL VAN CLIEF."

The entire paper was held invalid, though the opinion was in the first place rested on the ground that it did not appear that the testator had intended the words "J. Kelly" as his signature to the will. The same rule was followed in Wineland's Appeal, 118 Pa., 37, 12 Atl., 301, 4 Am. St. Rep., 571.

In Glancy v. Glancy, 17 Ohio St., 134, it was held that the instrument was invalid because the part above the signature alone did not contain the testator's whole purpose or scheme for disposing of his property, and that to probate only that part of the instrument would not be to effectuate his intention. In the subsequent case of Baker v. Baker, 51 Ohio St., 217, 37 N. E., 125, following the signature of the testator were these words: "My sister-in-law is not required to give bond when probated." The sister-in-law referred to was by the will made executrix. It was held that this addition did not invalidate the will. The court, among other things, said: While, however, the dispositive part of a testamentary instrument should be above or precede the signature of the testator, words or clauses written before the will is executed, and below the place where the testator and witnesses signed, may be excluded from probate, and yet not invalidate the entire instrument.  *  *  *  The testator by his will had appointed his sister-in-law executrix. If nothing had been said as to bond, the omission would not have rendered the will inoperative. And a request in the body of the will that an executor be not required to give bond would be subject to the discretion of the court

admitting the will to probate, which might grant letters testamentary with or without bond, as it might seem expedient. ·And when granted without bond, the court might at any subsequent period, upon the application of any party interested, require bond to be given."

In Brady v. McCrosson, 5 Redf. Sur., 431, which is cited with approval in the above case, it was held that, the appointment of the executor not being essential to a will, a subsequent clause naming an executor would not invalidate the will, and probate was allowed of all except the appointing clause. In that case the court said: "It was the ancient rule that no paper in the nature of a will would be valid as such unless it contained the appointment of an executor, but such long since ceased to be the law. The statute makes provision for the appointment of an administrator with the will annexed where no executor is named in the will. I think the will properly executed as such, and that it should be admitted to probate." The same conclusion was reached in McCullough's Estate, Myr. Prob. (Cal.), 76.

While at common law the appointment of an executor was essential to a will, under our statute, it is entirely unnecessary. The court may not only require him to give bond, although the will otherwise provides, but may remove him and appoint another, and every power conferred by the will upon the executor may be exercised by the administrator with the will annexed. Kentucky Statute, 1903, sections 3891, 3892.

The power to sell and dispose of the property in order to effect the division provided by the will, if in the opinion of the executor a sale by them would be expedient or desirable, in no way affected the disposition of the estate. The discretion of the trustees would be controlled by the court of chan-

cery, and a sale may be made, if necessary, by the chancellor, without this clause of the will. So the omission of this clause from the will in no way affects the disposition of the estate as proposed by the testatrix. The instrument above her signature contains her will, and the probate of this much of the paper will effectuate her intention as fully as the probate of the whole paper would have done. In Flood v. Pragoff, 79 Ky., 607, 3 R., 372, these words followed the signature: "Louisville, Ky., April 3, 1877." It was held that this addition did not invalidate the paper. There are numerous other cases to the same effect. See Page on Wills, page 206. We see no reason why the same principle should not apply to additions which in no wise affect the disposition of the estate contemplated by the testator; and where the intention of the testator is plain, and may be carried into effect without violating the words of the statute, it must be done. To hold that an addition which appoints an executor invalidates the entire instrument is to ignore the change made by our statute in the common-law rule, and to allow a thing which is not essential to the will to invalidate it. Our statute applies not only to wills, but to all contracts or other writings which the law requires to be signed by the party thereto; and by the same act it is provided that its provisions are to be liberally construed, with a view to promote its objects. Kentucky Statute, 1903, section 460. If the instrument before us had been drawn as a deed, and had been signed, acknowledged, and delivered by the grantor with a clause following the signature appointing trustees to divide the property, would it be maintained that the deed was void? Or if, after a surety signed a note complete in itself, would it be maintained that he was not bound, because other words were added below his signature, not essential to the obligation? The same rule must be ap-

plied to wills as to other documents required by the statute to be signed. Where the signature is placed at the close of the substantial provisions of the document, and the writing as signed is sufficient to effectuate the intention of the party signing it, the statute is substantially complied with, although there may be words following the signature which are unessential to the validity of the instrument.

Judgment reversed and cause remanded for a judgment as herein indicated.