## Weiss Estate.

Argued April 30, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Jay N. Abramowitch,* with him *Williamson, Miller, Murray and Linton,* for appellant.

*Geoffrey M. Stoudt,* with him *Rhoda, Stoudt & Bradley,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:
James W. Weiss died on May 29, 1970, at the age of 62. On August 10, 1970, Joan A. Kemp presented a petition for the probate of decedent's (alleged) will to the Register of Wills of Berks County, who refused probate. Joan A. Kemp thereupon took an appeal to the Orphans' Court (Division), which entered an Order sustaining the action of the Register. After her exceptions to the Order were dismissed, Joan A. Kemp took the present appeal.

The issue in the case is a very narrow one: was the purported will of James W. Weiss signed "at the end thereof," as required by Section 2 of the Wills Act of 1947, P. L. 89, 20 P.S. §180.2.

The purported will was written on a printed will form, in the blank spaces of which gifts of his entire estate were made by decedent in his handwriting. Furthermore, on this form, which was dated July 3, 1968, Joan A. Kemp was appointed executrix. On the line

normally and ordinarily used for the signature of a testator, there appeared the signature of John B. Boyd, Justice of the Peace. The signature of the decedent was written vertically along the left side margin of the printed form. A photostat copy of this instrument is attached.

WILL—Short Form. No. 738                    Printed for and sold by John C. Clark Co., 1326 Walnut St., Phila.

# Be it Remembered

That I, JAMES W. WEISS, A RESIDENT OF BERKS COUNTY, STATE OF PENNSYLVANIA being of sound and disposing mind, memory and understanding, and considering the uncertainty of life, do therefore make, publish and declare this to be my last Will and Testament, in manner and form following, that is to say:

ITEM: I order all my just debts and funeral expenses to be paid by my Executrix hereinafter named, as soon as conveniently may be after my decease.

Second,—I give, devise and bequeath unto JOAN A. KEMP, (HER SON) JAMES T. KEMP AND PATRICIA L. PARKYN (MY GRANDAUGHTER) all my Estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease. TO BE EQUALLY DIVIDED BETWEEN: JOAN A. KEMP
JAMES T. KEMP
PATRICIA L. PARKYN
THAT IS TO SAY; THE TOTAL SUM OF MONEY VALUE, OF ALL INSURANCES, BONDS, BANK ACCOUNTS, REAL ESTATE, PERSONAL PROPERTY OR MIXED WHERE EVER SITUATED. TO BE DIVIDED INTO EQUAL SHARES.

And Lastly. I do make, constitute and appoint JOAN A. KEMP to be the Executrix; WITHOUT BOND of this my last Will and Testament, hereby revoking all former Wills and Testaments by me at any time heretofore made, and declaring this to be my last Will and Testament.

In Witness Whereof, I have hereunto subscribed my name, and affixed my seal, the 3RD day of JULY in the year of our Lord one thousand nine hundred and SIXTY EIGHT

Signed, sealed, published and declared by the testat above named, as and for last Will and Testament, in the presence of us, who have hereunto, at request, subscribed our names in presence, and in the presence of each other, as witnesses hereto.

John B Boyd
JUSTICE OF PEACE
MY COMM. EXP. JAN 1970

SCHEDULE "A"

If the validity of the will is sustained, Joan A. Kemp, whose relationship to the decedent does not appear in the record, would share the estate equally with her minor son James T. Kemp, and with the decedent's minor granddaughter Patricia L. Parkyn. If the will is held to be invalid, the decedent died intestate and his sole heir would be his granddaughter Patricia.

Appellant contends that the will should be sustained on the grounds that (1) it is an obvious testamentary instrument, (2) the signature is (admittedly) that of the decedent, and (3) it is in fact signed "at the end thereof," since the beginning of decedent's signature starts right after the conclusion of the dispositive provisions, even though it is in the margin and parallel with the end of all the bequests.

Although the parties stipulated that the signature appearing on the will form is in fact the signature of the decedent James W. Weiss, no testimony was offered as to why the signature was placed in the margin. In any event, the writing must depend for its validity on its compliance with the mandatory requirements of the Wills Act, supra.

Both parties rely on *Treitinger Will*, 440 Pa. 616, 269 A. 2d 497, in which this Court most recently dealt with the question of a valid execution of a will. In that case, Joseph Treitinger, who at the time he executed his will was a nearly blind widower 86 years of age, signed his name very slantingly to the left of the line normally used for signing a will. Although his signature trailed off slantingly into the attestation clause, this Court held that it was signed at the logical and sequential end of the language used by him in expressing his testamentary purpose and intentions. We said in *Treitinger Will* (pages 620-621): "Section 2 of the Wills Act of 1947, P. L. 89, 20 P.S. §180.2, provides that every will 'shall be signed by the testator at the

end thereof.' In Knupp Will, 428 Pa. 409, 235 A. 2d 585, the Court said (page 416) : ' "The law is well settled as to what is meant by the end of a will. In Kretz Estate, 410 Pa. 590, 189 A. 2d 239, the Court said, 'Since the adoption by the Legislature of the statutory requirement that a will be signed "at the end thereof," "This Court has consistently resisted attempts to weaken or modify the rule. . . ." ' " As early as Wineland's Appeal, 118 Pa. 37, 41, 12 Atl. 301, 302 (1888), Mr. Justice PAXSON rather appropriately remarked: "It says a will must be signed at the end thereof, and that's the end of it." The end contemplated by the Act is not the point which is physically furthest from the beginning of the writing. As we said in Kehr Will, 373 Pa. 473, 479, 95 A. 2d 647 (1953) : " *'The end contemplated by the statute is the logical end of the language used by decedent in expressing his testamentary purpose,'* " or, as was said in Coyne Will, 349 Pa. 331, 333, 37 A. 2d 509 (1944) : " ' . . . there must be a sequence of pages or paragraphs which relates to its logical and internal sense, *and the signature must be placed at the sequential end.'* " See, also, Baldwin Will, 357 Pa., supra.' . . ." ' "*

In our opinion, the facts in this case make it clearly distinguishable from *Treitinger Will,* 440 Pa., supra. Weiss certainly did not sign his name at the sequential or logical end, but only on the margin of the instrument. However, to hold that a testamentary writing which is signed on the side or margin thereof is valid would ignore and violate the mandatory, statutory requirement that all wills be signed "at the end thereof."**

Decree affirmed, costs to be paid by the Estate.

---

\* Italics in *Knupp Will.*

\*\* This is another case of a holographic will which is sometimes disheartening.