422 A.2d 136

**In re ESTATE of Susanna H. PROLEY, Deceased.**

**Appeal of Florence R. BYE.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1980.

Decided Oct. 31, 1980.

58

William L. Zeitz, Philadelphia, for appellant.

Harry R. Nixon, Hatboro, for Lloyd A. Smith.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

PER CURIAM:

The Court being equally divided, the decree of the Orphans' Court Division of the Court of Common Pleas of Philadelphia County is affirmed. Each party to pay own costs.

ROBERTS, J., files an Opinion in Support of Affirmance, joined by O'BRIEN, C. J., and LARSEN, J.

FLAHERTY, J., files an Opinion in Support of Reversal, joined by NIX and KAUFFMAN, JJ.

60

OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

This is an appeal from the unanimous decree of the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, sitting en banc, which denied the admission of the will of decedent Susanna H. Proley to probate. The court en banc affirmed the finding of the auditing judge that, in writing her name on a printed will form in the portion normally used for identifying the document when properly folded, decedent failed to comply with the statutory requirement that a will be signed "at the end thereof," 20 Pa.C.S.A. § 2502, and therefore failed to execute a valid will. Because the unanimous decree of the court en banc is based on a correct and consistent reading of all the cases in which this Court has interpreted this legislative mandate, it should be affirmed.

■ In a misguided effort to effect what they perceive to be decedent's intent, the members of this Court who would reverse the decree make two flawed assertions. First, they contend that, because the identification section of the will appears on what they consider the final page, decedent "evidently" believed she was signing her will at its end. This purely speculative argument ignores the consistent holdings of this Court that a decedent's intent or belief is irrelevant to a determination of whether his signature appears at the end of his will. "The question is not what a testator mistakenly thinks he is doing, but what he actually does." *Bryen's Estate*, 328 Pa. 122, 128, 195 A. 17, 20 (1937); accord, *Glace Will*, 413 Pa. 91, 196 A.2d 297 (1964); *Kretz Estate*, 410 Pa. 590, 189 A.2d 239 (1963); *Baldwin Will*, 357 Pa. 432, 55 A.2d 263 (1947); *Coyne Will*, 349 Pa. 331, 37 A.2d 509 (1944); *Brown Estate*, 347 Pa. 244, 32 A.2d 22 (1943); *Churchill's Estate*, 260 Pa. 94, 103 A. 533 (1918); *Dietterich's Estate*, 127 Pa.Super. 315, 193 A. 158 (1937).

The Opinion in Support of Reversal then asserts that, in any event, decedent complied with the statutory requirement by signing her will "literally at the end." "Certainly,"

this argument runs, "this signature appears at the end of the will in that it is the last item and the only item to appear on page four. This is true, notwithstanding that blank space appears above the signature and that the signature is written at right angles to the page." (Opinion in Support of Reversal at 141).

In fact, there are no page numbers on the document, and what the Opinion in Support of Reversal characterizes as "page four" appears as the title page when the document is properly folded, providing a ready identification of the author of the contents, and no more. The words stand alone, at right angles to the rest of the writing in the document, unrelated to its substance in any way.

■ As our well settled case law has consistently held, "[t]he end contemplated by the Act is not the point which is physically furthest from the beginning of the writing. As we said in *Kehr Will*, 373 Pa. 473, 479, 95 A.2d 647 (1953): ' "The end contemplated by the statute is the logical end of the language used by decedent in expressing his testamentary purpose," ' or, as was said in *Coyne Will*, 349 Pa. 331, 333, 37 A.2d 509 (1944): ' ". . . there must be a sequence of pages or paragraphs which relates to its logical and internal sense, and the signature must be placed at the sequential end." ' See, also, *Baldwin Will*, 357 Pa., supra."

*Kretz Estate*, supra, 410 Pa. at 595, 189 A.2d at 242; accord, e. g., *Weiss Estate*, 444 Pa. 126, 279 A.2d 289 (1971); *Knupp Will*, 428 Pa. 409, 235 A.2d 585 (1967).

■ Even if one were to accept the argument of the Opinion in Support of Reversal that these words constitute the "literal" end of the document, by no stretch of the imagination may they be said to appear at the "sequential end" of the paragraphs relating to the will's "logical and internal sense" or at the "logical end of the language used by decedent in expressing [her] testamentary purpose."

The Superior Court recognized the impermissibility of such a distorted characterization in *Dietterich's Estate,* supra, a case involving a similar printed will form and cited as authority by this Court in *Pavlinko Will,* 394 Pa. 564, 148 A.2d 528 (1959), *Brown Estate,* supra, and *Bryen's Estate,* supra. In *Dietterich's Estate* the decedent signed her name beneath the printed words "Will of" in the endorsement section of the document. After a discussion of numerous prior cases dealing with the requirement that a will be signed "at the end thereof," the court held that "[t]he place where [decedent] signed had no relationship to the nature of the Will or its contents." 127 Pa.Super. at 323, 193 A. at 161. The Opinion in Support of Reversal seeks to distinguish the Dietterich will from the will of Susanna Proley on the ground that in the former a line was provided for the testator's signature, whereas the latter "had no hint of a place for testatrix to sign." In fact, the form used by decedent Susanna Proley contained an obvious area for signing at the bottom of the final interior page immediately beneath the words "In Witness Whereof, I have hereunto subscribed by name and affixed my seal . . . " (see reproduction in Opinion in Support of Reversal at 139). In any event, as we have noted, the issue is not where decedent may have thought she should sign. The sole issue under section 2502 of the Wills Act and our cases interpreting that section is whether decedent signed at what objectively appears as the logical or sequential end of her testamentary language. Here as in *Dietterich's Estate,* she did not.

■ The frustration of decedent's apparent testamentary intent by her own failure to observe the proper formalities may seem at first a harsh result, but it is a result which is required by our Legislature and which this Court may not alter. "The courts must consider that the legislature, having regard to all probable circumstances, has thought it best, and has therefore determined, to run the risk of frustrating the intention sometimes, in preference to the risk of giving

effect to or facilitating the formation of spurious wills." *Churchill's Estate*, supra, 260 Pa. at 101, 103 A. at 535. "The strictness with which this section of the Wills Act must be enforced is a matter of legislative mandate. As we said in *Brown Estate*, supra, [347 Pa. at 246, 32 A.2d at 23]: 'The Wills Act requires signing at the end. The purpose of the Act was to remove all *possibility* of fraud . . . . Even if the testamentary intention of this particular testatrix is frustrated, it is much wiser to refrain from weakening the sound and well established mandate of the Legislature. Were we to do so, we might in future cases facilitate fraudulent or unauthorized alterations or additions to wills.' " *Coyne Will*, supra, 349 Pa. at 334, 37 A.2d at 510–11 (emphasis in original); accord, *Glace Will*, supra.

In denying the admission of decedent's will to probate, the auditing judge and the orphans' court en banc obeyed the clear mandate of the Legislature. This Court can do no less. The unanimous decree of the orphans' court en banc should be affirmed.

O'BRIEN, C. J., and LARSEN, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

The sole issue in this case is whether the Will of Susanna H. Proley was signed at the end thereof, as required by 20 Pa.C.S.A. § 2502,[1] the Decedents, Estates & Fiduciaries Code.

Susanna H. Proley died on April 14, 1977, survived by ten nieces and nephews as her heirs at law. The document in question is dated June 14, 1972. It is a printed form of a will. On the first and second pages, decedent, by her own

1. Act of June 30, 1972, P.L. 508, No. 164, § 2, effective July 1, 1972. As amended by Act of December 10, 1974, P.L. 867, No. 293, § 6, immediately effective.

hand, itemized various gifts of personal property and cash, directing that this property be devised to Florence R. Bye, a niece. Various items of furniture were left to Maurice Fox, decedent's executor; and to her other nieces and nephews, decedent left the sum of one ($1.00) dollar each. Finally, funeral and burial arrangements were mentioned. At the top of the third page there appears a printed residuary clause followed by a half page of ruled lines, which were left blank. Near the middle of the third page the form provides for the appointment of an executor, and decedent wrote the name of Maurice Fox as executor in spaces provided for that purpose. Immediately following the appointment of an executor, near the bottom of the third page, the form reads as follows, as indicated by the photographic reproduction below:

The signature of Susanna H. Proley is written at the middle of the fourth page of the printed form beneath the printed words, "Will of," which words appear in a vertical position when the form is folded twice, as indicated on the following photographic reproduction:

# 𝔚𝔦𝔩𝔩

OF

..............................................................................................

*Susanna H. Proley*

*2618 So. 65th St Phila*

Dated *June 14th 1972*

The lower court found that decedent requested that a Mr. & Mrs. Bentley witness her will and directed them where to sign their names. Decedent told the Bentleys that the document was her will, but they did not see her sign the document. After a hearing held on July 20, 1977, the Register of Wills of Philadelphia County admitted Susanna H. Proley's will to probate, having determined that the will was signed "at the end thereof," as is required by the statute. One of the disinherited heirs took an appeal from this determination to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, which reversed the decree of the Register of Wills, and denied admission of the will to probate. The proponent of the will then filed exceptions to the decree of the hearing judge, which were dismissed by the Orphans' Court Division sitting en Banc by Decree of March 7, 1980. The present appeal followed. We would reverse the decree of Orphans' Court Division.

The lower court reluctantly sustained the appeal below, which challenged the admissibility of the will to probate, because it felt that evidence of intent was not relevant to a consideration of whether the signature on the will meets the statutory requirements, *Glace Will*, 413 Pa. 91, 196 A.2d 297 (1964), *Baldwin Will*, 357 Pa. 432, 55 A.2d 263 (1974), *Church-*

*ill's Estate,* 260 Pa. 94, 103 A. 533 (1918); and because *Dietterich's Estate,* 127 Pa.Super. 315, 193 A. 158 (1937), involving an analytically similar problem, held that the signature written on the back of the printed form, was not written at the end of the will as the statute requires. The reluctance of the lower court to sustain the appeal is understandable in light of its findings that the decedent's intent was clear and that a strict application of legal formalities seems to result in a frustration of decedent's testamentary intent:

> The unfortunate result of the court's ruling will be that those heirs whom the decedent desired to disinherit by leaving $1.00 to each of them shall receive her estate. This would seem to be a completely unfair result in a case such as this where the intent of the decedent is absolutely clear and there is no possibility of a fraud. However, the law is clear and equitable considerations may not be applied.
>
> In the instant case, the decedent substantially complied with the requirements of the Wills Act. There is no doubt in the court's mind that this was intended to be her Last Will and Testament. The sole defect is that she signed the document in the wrong place.

Apart from a rather blatant frustration of testatrix's intent, the case demonstrates as well the inadequacy of the strict compliance rule in that, applying the rule, we find ourselves unable to agree with the judgment of the Orphans' Court Division, sitting en Banc, that the will was not signed at the end. Where reasonable minds thus disagree on this issue, the rule itself presents obvious difficulties of application. In our opinion, the will was signed at the end thereof for the following reasons.

The printed form is ambiguous as to where the testator should sign. While separate lines are provided for the name(s) of executor(s) and for the date of the will, and while a separate area is provided for the signatures of witnesses, no separate line or area appears on the form for the signature of the testatrix, except that special lines are provided

on the fourth page, following the words "Will of". This is where the testatrix signed.

The form is printed on one long sheet of paper, roughly 28 inches long, which is folded horizontally once at mid–point, forming a document having four pages. The second page is thus formed, once the long paper is folded at mid–point, on the back of the first page. Reading or writing on the will form, in other words, is like utilizing a stenographer's note-book having two sheets of paper in it. After writing on the first sheet, one turns it over, continuing on page two at the point that would correspond to the bottom of page one; then on to page three, which begins below the fold near the bottom of page two; then on to page four, which is printed on the back of page three, the top of page four corresponding to the bottom of page three.

This somewhat tedious description of the will form is necessary to explain the sense in which the testatrix may be said to have signed her will at the end thereof. First, there is no indication of a place for the testatrix to sign on page three, even though the printed language, located near the bottom of the page, indicates that the testatrix's signature is "subscribed." Faced with this situation, the printed indication of a signature subscription coming near the bottom of page three, the testatrix evidently turned to page four, looking for a continuation of the printed format, just as she had earlier turned from page one to page two in order to continue the text of her dispositions, and on page four she found what must have seemed to her as the place for her signature. Certainly, this signature appears at the end of the will in that it is the last item and the only item to appear on page four. This is true, notwithstanding that blank space appears above the signature and that the signature is written at right angles to the page. In *In re Estate of Stasis*, 452 Pa. 425, at 430, 307 A.2d 241, at 244 (1973), this Court stated that the end of the document which is contemplated by the act is the "sequential end–the logical end of the language used by the decedent . . . ." and in present case, the testatrix' signature appears at what would have been, for her, the logical and sequential end.

Furthermore, *Dietterich's Estate*, 127 Pa.Super. 315, 193 A. 158 (1937), which the lower court cited as controlling, is distinguishable in that Dietterich's printed form contained a clearly marked line on which the testatrix was to sign her name. Instead, she signed on the back of the will, as did Susanna Proley. The Proley will, however, unlike the Dietterich will, had no hint of a place for the testatrix to sign except for the lines provided on the back of the will. We conclude, therefore, that because of important factual differences, the *Dietterich* case is inapposite; that it was consistent and reasonable, in light of the design of the form, for testatrix to turn to page four in search of a place to sign the will; and that Susanna Proley signed her will, literally at the end.

NIX and KAUFFMAN, JJ., join in this opinion.