**Sabat Estate**

James M. Reinhert, for Nicholas Sabat.
Arthur Silverblatt, for McCrories.
Albert H. Aston, Jr., for Mary Mitchell.
Jerome L. Cohen, for Evelyn Blom.
Charles D. McCormick, for Hanover Bank.

MUROSKI, J., March 26, 1982—

## PROCEDURAL HISTORY

John Sabat died July 26, 1981. A document entitled "Last Will and Testament of John Sabat" was offered for probate on July 30, 1981, at the Office of the Luzerne County Register of Wills by Nicholas Sabat, brother of decedent, and one of the executors named in the document.

On August 5, 1981, Jane Scott McCrorie, decedent's niece, and Anna Sabat McCrorie, decedent's sister, filed a formal caveat and request for certification of record together with an appropriate bond.

Following the grant of letters of administration pendente lite to Hanover Bank, the register of wills, on October 7, 1981, certified the record to the orphans' court pursuant to the Probate, Estate and Fiduciaries Code §907, Act June 30, 1972, P.L. 508, no. 164, §2, 20 Pa.C.S. §907. Hearing on all questions raised in the caveat was set for February 16, 1982.

The caveat raised the following questions with regard to whether or not the document should be admitted to probate:

Is the document signed at the end thereof in accordance with the Probate Code §2502, Act of June 30, 1972, P.L. 508, no. 164, §2, 20 Pa.C.S. §2502, as amended?

Was decedent of sound mind at the time of the execution of the document?

Was the document procured by undue influence, duress or constraint?

Is the signature which appears on the third page of the document genuine?

Following petition by caveators, the court, on January 29, 1982, entered an order limiting the scope of the scheduled February 16, 1982, hearing to the issue of whether or not the will was signed at the end thereof. Determination of all remaining issues raised in the caveat was reserved pending disposition of this single issue. At the February 16, 1982, hearing, all counsel agreed to the bifurcation of the issues in this matter. The court must now determine whether the document offered for probate on July 30, 1981, is signed at the end thereof in accordance with the Probate Code. For the reasons set forth herein, this court finds that the document is a properly executed will signed at the end thereof in conformity with 20 Pa.C.S. §2502.

## FACTS

The writing in question is a three-page document stapled together in a will backer. The first page contains dispositive clauses and a portion of the clause nominating executors. The second page contains the remainder of the clause nominating executors, together with the following: an undated testimonium clause not signed on the line provided above testator's typed name; an attestation clause bearing the signature and address of two (2) witnesses, below which appears a dated and signed notary's acknowledgement. Testator's signature does not appear on page 2 of the instrument.

Page 3 of the writing is a self-proving affidavit, which reads as follows:

"We, Steven Svengros and Thomas J. Lloyd, the witnesses whose names are signed to the foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw the testator sign and execute the instrument as his Last Will and Testament; that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; that each of us in the hearing and sight of the testator signed the Will as witnesses; and that to the best of our knowledge, the testator was at the time eighteen years of age or more, of sound mind, and under no constraint or undue influence.

Sworn and affirmed to and subscribed before me by Thomas J. Lloyd and Steven Svengros, witness this 18th day of September, 1980."

Immediately beneath this language and to the right-hand side of the page appears, each below the other, the signatures of the two witnesses, and a notary public. Directly opposite the signatures of the two witnesses, to the left of the page and below the quoted language, appears testator's signature. Testator's purported signature also appears on the face of the will backer which binds all three pages together.

## DISCUSSION

At the present time, the only question to be determined by this court is: is the instrument entitled "Last Will and Testament of John Sabat" signed at the end thereof in accordance with 20 Pa.C.S. §2502? This is a questioin of law, not fact, which is to be determined exclusively from an inspection of the instrument in question. Griffith Will, 358 Pa. 474, 57 A.2d 893 (1948); Brown Estate, 347 Pa. 244, 32 A.2d 22 (1943).

Exactly what constitutes a signature "at the end thereof" conforming to §2502 of the Probate Code has never been reduced to a concrete judicial formula. However, the law is well settled that the "end" meant by this provision of the act[1] is the logical and sequential end of the language used by decedent in expressing his testamentary purpose. Trietinger Will, 440 Pa. 616, 269 A.2d 497 (1970); In Re: Estate of Stasis, 452 Pa. 425, 307 A.2d 241 (1973); Kehr Will, 373 Pa. 473, 95 A.2d 647 (1953); Coyne Will, 349 Pa. 331, 37 A.2d 509 (1944). In determining whether a signature appears at the logical and sequential end of an instrument, the court must give consideration to the sequence of pages or paragraphs which relate to the instrument's logical and internal sense. In Re: Estate of Stasis, supra; Treitinger Will, supra; Coyne Will, supra.

Here the sequence of the three pages relates to the logical and internal sense of the instrument and testator's signature appears at the sequential end of these pages. Page one contains all of the dispositive clauses; page two contains a portion of the nomination of executor clause together with a signed attestation clause below the unsigned, undated testimonium clause. Page three recites that the subscribing witnesses were present and saw testator sign his name and execute the instrument. Below this declaration appears the signatures of the subscribing witnesses, as well as testator's signature. The language on this third page connects it to the two preceding pages; there is a manifest and connected internal sense of the text of the three pages.

Clearly, the three pages of this instrument, stapled together in a will backer, are connected by an

---

1. 20 Pa.C.S. §2502 is a re-enactment of section 2 of the Wills Act, Act of April 24, 1947, P.L. 89, 20 P.S. §180.2.

internal continuity of sense. This continuity is evident on the face of the instrument as a whole and concludes logically with the signature of decedent on page three.

This finding of an internal continuity of sense is further supported by the fact that the three pages are physically fastened together in a will backer which also bears the purported signature of the decedent. See Van Gilder Will, 421 Pa. 520, 220 A.2d 21 (1966).[2]

In reaching the determination that this instrument meets the requirements of §2502 of the code, this court has relied on Miller Will, 414 Pa. 385, 200 A.2d 284 (1964) and Meyer Will, 431 Pa. 246, 244 A.2d 669 (1968).

In Miller, supra, decedent failed to sign the testimonium clause, but rather signed in the printed attestation clause immediately beneath it. The printed attestation clause, containing decedent's signature in the space left blank for filling in the name of the testatrix, was followed by signatures of the subscribing witnesses. The court held that the failure of decedent to sign her name on the line provided in the printed form would not, in and of itself, constitute ". . . a failure to comply with the requirements of the Act." (at page 388). The court further held that the end contemplated by the statute is not the point physically farthest from the beginning of the writing, rather, it is ". . . the place selected by testator as the logical and sequential end of his dispositive act and at which he writes his testamen-

2. As to the significance of decedent's signature on the will backer, see In Re: Estate of Proley, 492 Pa. 57, 422 A.2d 136 (1980) (Opinion of Flaherty, J., in support of reversal) wherein Justice Flaherty finds that decedent's signature on the will backer alone is sufficient to satisfy the requirement of §2502 of the Probate Code.

tary signature." (at page 390). John Sabat selected a place for his testamentary signature which can only be viewed as the logical and sequential end of his dispositive act.

The fact that decedent's signature appears on a page which does not contain any dispositive provisions does not dictate a finding that this instrument is not signed at the end thereof. In Meyer Will, 431 Pa. 246, 244 A.2d 669 (1968), four physically unconnected papers "folded transversely" were discovered in decedent's tool chest. Three of the papers were offered for probate. The third page, which was signed, consisted solely of an inventory of decedent's assets and contained no disposition or administrative provisions, nor any inchoate testamentary expressions. The court refused to isolate the disputed page from the other writings which accompanied it and affirmed the lower court's findings that the separate pages of the will were connected by their internal sense: a coherence or adaptation of parts constituting a harmonious scheme of testamentary disposition all of the parts which fit together without incompatability (at pp. 247-248).

The third page of John Sabat's will contains no dispositive or administrative provisions, however, it is physically connected to the pages containing those provisions and it fits together with the preceding two pages and the entire three-page document, as a complete instrument, constitutes a harmonious scheme of testamentary disposition at the logical and sequential end of which John Sabat placed his signature.

### FINDING OF FACT AND CONCLUSION OF LAW

Therefore, for the reasons set forth above, the court finds as a fact and conclusion of law that the

instrument offered for probate on July 30, 1981, and entitled "Last Will and Testament of John Sabat" dated September 18, 1980, is signed at the end thereof in accordance with 20 Pa.C.S. §2502.

## ADJUDICATION

And now, this March 26, 1982, pursuant to an order for bifurcation, the court finds that the instrument offered for probate on July 30, 1981, and entitled "Last Will and Testament of John Sabat" dated September 18, 1980, is signed at the end thereof in accordance with 20 Pa.C.S. §2502.

A pre-trial conference on the remaining questions raised in the formal caveat is scheduled for May 4, 1982, at 11:00 a.m.

Exceptions, pursuant to Luzerne County O. C. Rule (7)1.1(a), to this adjudication may be filed upon entry of a decree which determines all remaining issues in dispute.

## ORDER

And now, this May 17, 1982, it is hereby ordered, adjudged, and decreed as follows:

1. Exception one filed by Jane Scott McCrorie and Anna Sabat McCrorie is hereby dismissed.

2. Exceptions two and three, in so far as they request of this court a statement pursuant to 42 Pa. C.S. §702(b) are hereby sustained and the court specifically finds that this court's order of March 26, 1982, involves a controlling question of law as to which there is substantial ground for difference of opinion such that an immediate appeal from that March 26, 1982, order may materially advance the ultimate termination of the within matter.